UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES OF AMERICA,

v.

KERMIT IRIZZARY,

                Defendant.

17-CR-142 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On February 14, 2020, Defendant Kermit Irizzary commenced a three-year term of supervised release upon his release from the custody of the Bureau of Prisons. In late November 2020, the Probation Office notified the Court that Irizzary had violated the terms of his supervised release, primarily due to his involvement in an August 2020 shooting which resulted in the injury of an innocent bystander. On December 2, 2020, the Government moved to have Irizzary detained pending resolution of the violation of supervised release charge. After hearing argument on the motion, the Court reserved judgment, but signed a warrant for Irizzary's arrest later that day. The Court now articulates its reasoning for doing so.

In determining whether a criminal defendant should be detained pending the possible revocation of his supervised release, the defendant bears the burden of showing that he will "not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6); *see also United States v. Fernandez*, 144 F. Supp. 2d 115, 120 (N.D.N.Y. 2001) ("Unlike the situation with regard to pretrial detention, however, the burden is shifted in this case to the defendant to prove that he or she is neither a risk of flight nor a danger to the community." (citing Fed. R. Crim. P. 46(d)). Here, Irizzary has not met

his burden of showing that he does not pose a danger to the community and will thus be detained pending resolution of the supervised release violation.

The Government has proffered credible evidence that while on supervised release, Irizzary was involved in a shooting that resulted in the serious injury of an innocent bystander. A community officer familiar with Irizzary identified him in a surveillance video that captured the shooting, as well as in video footage taken from a nearby elevator three to four minutes after the shooting occurred. Irizzary's Probation Officer also identified him in the video footage from the elevator, and noted that the shooter in the surveillance video was wearing the same distinctive clothing that Irizzary was wearing in the elevator video.[1]

Irizzary, moreover, has a long history of violence, including prior convictions for robbery, attempted robbery, and criminal possession of a weapon. The conduct underlying the charge to which he pleaded guilty in this case similarly involved acts of violence, namely robbery, attempted robbery, attempted aggravated assault, and use of a deadly weapon. And while incarcerated, Irizzary received multiple sanctions for assault and fighting.

Irizzary has not presented evidence demonstrating that there are any set of conditions other than incarceration that would mitigate the Court's concerns regarding his dangerousness to the community and others in it.

---

[1] The Government also notes that Irizzary is currently being investigated for a separate shooting that occurred in June following an argument between the shooting victim and Irizzary. Proof of Irizzary's involvement in this incident is thus far insufficient to charge him in that crime, and so the Court gives this evidence limited weight.

In light of the violent nature of the allegations against Irizzary, his history of violent acts, and his extensive criminal record, the Court concludes that Irizzary has not met his burden of establishing that detention is not warranted. For these reasons, the Court now orders that Irizzary be detained pending resolution of his alleged violations of supervised release.

SO ORDERED.

Dated:   January 19, 2021
         New York, New York

                                                    _____
                                                    RONNIE ABRAMS
                                                    United States District Judge